No. 4791.

## ANDREW J. SEA, JR. (Assignee) vs. HUGO H. FREDERICK.

Lyle Saxon and R. J. Maloney for plaintiff and appellant.

Chas. Louque for defendant and appellee.

DUFOUR, J.—The plaintiff, assignee of the International Loan and Trust Company, a corporation created by the laws of West Virginia, and having its principal office at Louisville, Ky., sues the defendant on two notes made by him, one for the sum of $600, the other for the sum of $1,200.

The answer is that there can be no recovery because the New Orleans Debenture Company, plaintiff's predecessor, was declared, in **51 An. 1828**, to have no right to do business in this State, and a decree of forfeiture of its charter was entered.

It is also averred and proved that defendant was a debenture holder in the company, and had paid in $4,750, and this amount is plead in compensation and reconvention.

The note for $600 is admittedly prescribed.

The notes were given for money borrowed after removal from this State of the company, and the contract was not in any sense a doing of business in the State of Louisiana.

We do not understand that the Supreme Court's decision in **51 An.** —, as interpreted in **107 La. 501,** to go beyond the declaration that debenture companies had no right to do business here, or to intimate that the Courts of the State would not be open to the company and its subscribers in the settlement of their claims **inter sese.** In fact, we understand the judicial meaning to be that, had the identical business been undertaken by individuals instead of an artificial person illegally claiming life under the corporation laws, the State would have been powerless to interfere.

We, therefore, see no objection to the enforcement in our courts of the rights of the corporation under a contract made elsewhere and valid where made, and we fail to see that it introduces a **status** reprobated by our own law under the circumstances disclosed.

Under **Article 375, Code of Practice,** the plaintiff being a nonresident, the defendant had the right to plead a demand in reconvention for any cause.

The insolvency matured the debts due by the company, and, both debts being due and exigible, they were reciprocally extinguished to the amount of their respective sums by operation of law.

### R. C. C., Arts. 2054, 2208.

The right to claim in reconvention against a nonresident who is insolvent, under circumstances identical with those at bar, was recognized in **Life Association vs. Levy, 33 An. 1203,** which is approvingly cited in **Carr vs. Hamilton, 129 U. S.** —.

There, it was held that the party could compensate his **whole** debt, and was not restricted to the amount of dividends declared after final settlement by the insolvent corporation.

There is no force in the objection that the reconventional demand is not proved, because the debentures were not produced; the receipts were offered and an admission in plaintiff's letter of date April 9, 1906, shows that ninety-five installments, amounting to $4,750.00, had been paid up to that time.

In his answer to the appeal, the defendant, apparently ignoring his plea of prescription of the $600 note, asks for a judgment in reconvention for $2,950 only; we must be guided by his prayer.

The plaintiff's claim is **pro tanto** compensated, and we shall, therefore, render a judgment in favor of the reconvener for the surplus only.

Judgment reversed, and it is now ordered that there be judgment in favor of defendant in suit and plaintiff in reconvention, Hugo H. Frederick, and against plaintiff, Andrew J. Sea, receiver of the International Loan and Trust Company, in the sum of ($2,950) two thousand nine hundred and fifty dollars, with interest from judicial demand, appellant to pay costs of both courts.

St. Paul, J. recused.

April 18, 1910.

Rehearing refused May 2, 1910.